UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA MACINNIS,<br>　　　　　Plaintiff<br>vs.<br><br>LIFE INSURANCE COMPANY OF<br>NORTH AMERICA AND<br>BAE SYSTEMS INFORMATION AND<br>ELECTRONIC SYSTEMS LONG TERM<br>DISABILITY PLAN,<br>　　　　　Defendants | Civil Action No. 05CV11313 NMG |

## DEFENDANTS' ANSWER

The Defendants, Life Insurance Company of North America ("LINA") and BAE Systems Information and Electronic Systems Long Term Disability Plan ("BAE Plan") (collectively referred to as "Defendants"), hereby answer Plaintiff's Complaint as follows:

1. Defendants admit that Plaintiff is a participant in an ERISA welfare benefit plan that is underwritten and insured by LINA. Defendants admit that the Policy number is LK030485 (the Policy may be referred to hereinafter as the "Policy" or the "Plan"). Defendants deny that the name of the Plan is the BAE Systems Long-Term Disability Plan. The remaining allegations in Paragraph 1 are legal conclusions to which a response is not required.

2. The allegations contained in Paragraph 2 are legal conclusions to which a response is not required. To the extent that Paragraph 2 is deemed to allege facts, they are denied.

3. The allegations contained in Paragraph 3 are legal conclusions to which a response is not required. To the extent that Paragraph 3 is deemed to allege facts, they are denied.

### JURISDICTION

4. The allegations contained in Paragraph 4 are legal conclusions to which a response is not required. To the extent that Paragraph 4 is deemed to allege facts, they are denied.

## PARTIES

5. Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 5.

6. The allegations contained in Paragraph 6 are legal conclusions to which a response is not required.

7. Paragraph 7 contains allegations with respect to an entity that is no longer a party to this case and as such, no response is needed. To the extent that Paragraph 7 is deemed to contain allegations requiring a response, they are denied.

8. Defendants admit that LINA is a for-profit corporation, that it conducts business in Massachusetts, that it underwrites the Policy, and that it is the party responsible for processing the claims made under the Plan and making a final determination as to participants' eligibility for LTD benefits. Defendants deny the remaining allegations in Paragraph 8.

9. The allegations contained in Paragraph 9 are legal conclusions to which a response is not required. To the extent that Paragraph 9 is deemed to allege facts, they are denied.

10. Defendants admit that it issued Policy number LK030485 to BAE Systems Information and Electronic Systems ("BAE"). Defendants admit that BAE Systems Information and Electronic Systems ("BAE") maintains a principal place of business at 65 Spit Brook Road, Nashua, NH. The remaining allegations contained in Paragraph 10 are legal conclusions to which a response is not required.

## STATEMENT OF FACTS

### Insurance Entitlement, Definitions of Disability, Discretion

11. Defendants admit Plaintiff was an employee of BAE. Defendants deny that Plaintiff is disabled.

12. Defendants admit that Plaintiff was employed at BAE. Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 12.

13. Defendants admit that Plaintiff was a participant in the Plan.

14. Defendants admit that LINA funds and handles the administration of claims under the Plan. Defendants deny that LINA administers the Plan in general terms or that it is the Plan Administrator.

15. Defendants deny the allegations contained in Paragraph 15.

16. Defendants admit there is a Plan. Defendants deny the remaining allegations contained in Paragraph 16 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

17. Defendants admit there is a Plan. Defendants deny the remaining allegations contained in Paragraph 17 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

18. Defendants admit there is a Plan. Defendants deny the remaining allegations contained in Paragraph 18 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

19. Defendants admit there is a Plan. Defendants deny the remaining allegations contained in Paragraph 19 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

20. Defendants admit there is a Plan. Defendants deny the remaining allegations contained in Paragraph 20 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

21. Defendants admit there is a Plan. Defendants deny the remaining allegations contained in Paragraph 21 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

22. Defendants admit there is a Plan. Defendants deny the remaining allegations contained in Paragraph 22 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

**Plaintiff's Claim for LTD Benefits**

23. The allegations contained in Paragraph 23 are legal conclusions to which a response is not required. To the extent that Paragraph 23 is deemed to allege facts, they are denied.

**Plaintiff's Occupation**

24. Defendants admit that the responsibilities listed in Paragraph 24 are some of the responsibilities listed on Plaintiff's job description. Defendants deny that they are an accurate description of Plaintiff's "regular occupation."

**Plaintiff's Medical History**

25. Defendants lack sufficient knowledge with respect to the allegations contained in Paragraph 25.

26. Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 26.

27. Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 27.

28. Defendants admit there is an office note from Dr. Godefroi dated May 7, 2001. Defendants deny the remaining allegations contained in Paragraph 28 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

29. Defendants admit there is an office note from Dr. Goodman dated May 10, 2001. Defendants deny the remaining allegations contained in Paragraph 29 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

30. Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 30.

31. Defendants admit there is an office note from Dr. Goodman dated May 10, 2001. Defendants deny the remaining allegations contained in Paragraph 31 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

32. Defendants admit that there is correspondence from Dr. Bhan to LINA dated July 26, 2001 and February 26, 2002. Defendants deny the remaining allegations contained in Paragraph 32 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

33. Defendants admit that there is correspondence from Dr. Bhan to LINA dated July 26, 2001 and February 26, 2002. Defendants deny the remaining allegations contained in Paragraph 33 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

34. Defendants deny the allegations contained in Paragraph 34.

35. Defendants admit there is an office note from Dr. Romanowsky dated November 12, 2001. Defendants deny the remaining allegations contained in Paragraph 35 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

36. Defendants admit that there are medical records from Dr. Wissner from December 2001. Defendants deny the remaining allegations contained in Paragraph 36 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

37. Defendants admit there is an office note dated January 21, 2002 from Dr. Romanowsky. Defendants deny the remaining allegations contained in Paragraph 37 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

38. Defendants admit that there are office notes from October 2001 through February 2002 from Judith Lee. Defendants deny the remaining allegations contained in Paragraph 38 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

39. Defendants admit that there are office notes from October 2001 from Dr. Ardman. Defendants deny the remaining allegations contained in Paragraph 39 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

40. Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 40.

**Return to Part Time Work**

41. Defendants deny the allegations contained in Paragraph 41.

42. Defendants admit there is an office note dated February 22, 2002 from Dr. Godefroi. Defendants deny the remaining allegations contained in Paragraph 42 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

43. Defendants admit there is a letter dated February 28, 2002 from Dr. Romanowsky. Defendants deny the remaining allegations contained in Paragraph 43 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

**Application for Disability Benefits and Approval of Disability Claim**

44. Defendants admit the allegations contained in Paragraph 44.

45. Defendants deny the allegations contained in Paragraph 45.

46. Defendants admit the allegations contained in Paragraph 46.

**LINA's Denial of Plaintiff's Claim**

47. Defendants admit that it terminated Plaintiff's benefits on February 7, 2002. Defendants admit there is a letter from LINA to Plaintiff dated February 7, 2002. Defendants deny the remaining allegations in Paragraph 47 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

**Plaintiff's Appeal of LINA's Termination of her Claim**

48. Defendants admit Plaintiff appealed the denial of her claim by letter dated July 2, 2002 from her counsel. Defendants deny that the termination of Plaintiff's claim was "wrongful."

49. Defendants admit there is a letter from LINA to Plaintiff dated July 3, 2002. Defendants deny the remaining allegations in Paragraph 49 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

50. Defendants admit there is a letter from LINA to Plaintiff dated August 14, 2002. Defendants deny the remaining allegations in Paragraph 50 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

51. Defendants admit there is a letter from LINA to Plaintiff dated August 14, 2002. Defendants deny the remaining allegations in Paragraph 51 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

52. Defendants admit there is a letter from Plaintiff's counsel to LINA dated August 30, 2002. Defendants deny the remaining allegations in Paragraph 52 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

53. Defendants admit that Plaintiff's counsel enclosed with her August 30, 2002 letter, a copy of a letter dated February 28, 2002 and office notes dated November 12, 2001, December 17, 2001 and January 21, 2002 from Dr. Romanowsky and an assessment of psychiatric function dated December 20, 2001 from Dr. Wissner. Defendants admit that the assessment of psychiatric function from Dr. Wissner was submitted with Plaintiff's July 2, 2002 appeal. Defendants deny that the documents from Dr. Romanowsky were submitted with Plaintiff's July 2, 2002 appeal.

54. Defendants admit there is a report dated September 24, 2002 from Dr. Romanowsky. Defendants deny the remaining allegations in Paragraph 54 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

55. Defendants admit the allegations contained in Paragraph 55.

56. Defendants admit that it upheld its decision to terminate Plaintiff's benefits by letter dated October 22, 2002 and that Theodore Pearlman, MD reviewed Plaintiff's claim. Defendants deny the remaining allegations contained in Paragraph 56.

57. Defendants admit there is a report by Dr. Pearlman dated October 4, 2002. Defendants deny the remaining allegations contained in Paragraph 57 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

58. Defendants deny the allegations contained in Paragraph 58.

59. Defendants admit there is a letter dated October 29, 2002 from Plaintiff's counsel. Defendants deny the remaining allegations contained in Paragraph 59 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

60. Defendants admit that it upheld it denial of Plaintiff's claim. Defendants deny that this occurred on November 5, 2002. Defendants deny the remaining allegations contained in Paragraph 60 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

61. Defendants admit there is a letter dated November 13, 2002. Defendants deny the remaining allegations contained in Paragraph 61 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

62. Defendants admit the allegations contained in Paragraph 62.

63. Defendants admit the allegations contained in Paragraph 63.

**Summary**

64. Defendants deny the allegations contained in Paragraph 64.

65. Defendants deny the allegations contained in Paragraph 65.

66. The allegations contained in Paragraph 66 are legal conclusions to which a response is not required. To the extent that Paragraph 66 is deemed to allege facts, they are denied.

67. The allegations contained in Paragraph 67 are legal conclusions to which a response is not required. To the extent that Paragraph 67 is deemed to allege facts, they are denied.

68. Defendants deny the allegations contained in Paragraph 68.

69. Defendants deny the allegations contained in Paragraph 69.

70. Defendants deny the allegations contained in Paragraph 70.

71. Defendants deny the allegations contained in Paragraph 71.

72. Defendants deny the allegations contained in Paragraph 72.

73. Defendants deny the allegations contained in Paragraph 73.

74. Defendants deny the allegations contained in Paragraph 74.

75. The allegations contained in Paragraph 75 are legal conclusions to which a response is not required. To the extent that Paragraph 75 is deemed to allege facts, they are denied.

**FIRST CAUSE OF ACTION**
**(Enforcement of Terms of Plan Action for Unpaid Benefits)**
**(ALL DEFENDANTS)**

76. Defendants reallege each of the paragraphs above as if fully set forth herein.

77. The allegations contained in Paragraph 77 are legal conclusions to which a response is not required. To the extent that Paragraph 77 is deemed to allege facts, they are denied.

78. The allegations contained in Paragraph 78 are legal conclusions to which a response is not required. To the extent that Paragraph 78 is deemed to allege facts, they are denied.

79. The allegations contained in Paragraph 79 are legal conclusions to which a response is not required.

80. The allegations contained in Paragraph 80 are legal conclusions to which a response is not required. To the extent that Paragraph 80 is deemed to allege facts, they are denied.

81. The allegations contained in Paragraph 81 are legal conclusions to which a response is not required. To the extent that Paragraph 81 is deemed to allege facts, they are denied.

82. The allegations contained in Paragraph 82 are legal conclusions to which a response is not required. To the extent that Paragraph 82 is deemed to allege facts, they are denied.

83. The allegations contained in Paragraph 83 are legal conclusions to which a response is not required. To the extent that Paragraph 83 is deemed to allege facts, they are denied.

84. The allegations contained in Paragraph 84 are legal conclusions to which a response is not required. To the extent that Paragraph 84 is deemed to allege facts, they are denied.

**SECOND CAUSE OF ACTION**
**(Attorneys' Fees and Costs)**
**(ALL DEFENDANTS)**

85. Defendants reallege each of the paragraphs above as if fully set forth herein.

86. The allegations contained in Paragraph 86 are legal conclusions to which a response is not required. To the extent that Paragraph 86 is deemed to allege facts, they are denied.

87. The allegations contained in Paragraph 87 are legal conclusions to which a response is not required. To the extent that Paragraph 87 is deemed to allege facts, they are denied.

88. The allegations contained in Paragraph 88 are legal conclusions to which a response is not required. To the extent that Paragraph 88 is deemed to allege facts, they are denied.

89. LINA deny the allegations contained in Paragraph 89.

90. The allegations contained in Paragraph 90 are legal conclusions to which a response is not required. To the extent that Paragraph 90 is deemed to allege facts, they are denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's claims are barred by the limitations period provided for under the Policy.

2. Plaintiff's remedies, if any, are limited to those provided for under ERISA and her damages, if any, are subject to the restrictions, deductions and offsets contained in the applicable Policy.

3. The Plaintiff is not disabled within the meaning of the Policy or Plan and this constitutes a complete defense to the claims contained in Plaintiff's Complaint.

4. Plaintiff's claims are barred in whole or in part by virtue of one or more of the provisions of the insurance Policy or Plan at issue.

5.  The Court's review of this matter is limited to the administrative record before the claims administrator or claims fiduciary at the time of the denial of Plaintiff's claim.

6.  No payments are owed to the Plaintiff under the terms and conditions of the said Policy or Plan.

7.  This Court's adjudication of this matter is subject to the arbitrary and capricious standard of review.

8.  The answering Defendant asserts any and all defenses available to them under the terms of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq.

9.  LINA's denial of benefits under all of the circumstances was reasonable and was not arbitrary, capricious, unreasonable or erroneous as a matter of law, and this constitutes a complete defense to the within cause of action.

10. Under all of the circumstances, Plaintiff is owed no benefits under the Policy or Plan, or interest, costs and/or attorney's fees.

Respectfully Submitted,

DEFENDANTS LIFE INSURANCE COMPANY
OF NORTH AMERICA and BAE SYSTEMS
INFORMATION AND ELECTRONIC SYSTEMS
LONG TERM DISABILITY PLAN,

By their Attorneys,

David B. Crevier, BBO # 557242
Katherine R. Parsons, BBO # 657280
CREVIER & RYAN, LLP.
1500 Main Street, Suite 2020
Springfield, MA 01115-5727
Tel: (413) 787-2400
Facsimile: (413) 781-8235
Email: dcrevier@crevierandryan.com
       kparsons@crevierandryan.com

## CERTIFICATE OF SERVICE

I certify that I served a true copy of the foregoing on all counsel of record said service having taken place this 30th day of September 2005.

_Jennifer Goncalves_